*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0095p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

EVERETT HADIX; et al.,

        *Plaintiffs-Appellants,*

     *v.*

PERRY M. JOHNSON; BARRY MINTZES; CHARLES ANDERSON; WILLIAM F. GRANT; DALE FOLTZ; DANIEL TRUDELL; DUANE SHOLES; JOHN JABE; JAMES POGATS; ROY RIDER; CHARLES USTESS; DON P. LEDUC; ROBERT BROWN, JR.; GRAHAM ALLEN; ELTON I. SCOTT; PAM WITHROW; FRANK ELO, Warden; MARJORIE VAN OCHTEN; and JOHN PRELESNIK,

        *Defendants-Appellees.*

No. 03-1068

>

————————————

Appeal from the United States District Court
for the Western District of Michigan at Kalamazoo.
No. 92-00110—Richard A. Enslen, District Judge.

Argued: June 15, 2004

Decided and Filed: February 25, 2005

Before: KRUPANSKY,[*] RYAN, and COLE, Circuit Judges.

————————————

## COUNSEL

**ARGUED:** Elizabeth R. Alexander, NATIONAL PRISON PROJECT, Washington, D.C., for Appellants. Leo H. Friedman, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellees. **ON BRIEF:** Elizabeth R. Alexander, NATIONAL PRISON PROJECT, Washington, D.C., Patricia A. Streeter, Ann Arbor, Michigan, Michael J. Barnhart, Detroit, Michigan, for Appellants. Leo H. Friedman, A. Peter Govorchin, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellees.

———————

[*]The Honorable Robert B. Krupansky concurred in this opinion prior to his death on November 8, 2004.

―――――――――――

**OPINION**

―――――――――――

RYAN, Circuit Judge. The plaintiffs appeal the district court's calculation of attorney fees under the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified in scattered sections of the U.S. Code). We must decide whether attorney fees under the PLRA should be computed according to the hourly rate authorized by the Judicial Conference for the payment of court-appointed counsel or on the rate that historically has actually been paid to appointed counsel in PLRA cases. For the reasons that follow, we shall **REVERSE** and **REMAND**.

**I.**

The facts are not in dispute. In 1980, inmates at a Michigan prison filed suit under 42 U.S.C. § 1983 alleging various constitutional violations. The parties entered into a consent decree, which was approved by and made an order of the federal district court. Surprising as it may be, to this day, 24 years after the suit was filed, the plaintiffs' attorneys are still monitoring the defendants' compliance with the decree and, by order of the district court, are still being paid attorney fees. The propriety of this state of affairs is not before us.

In 1996, Congress enacted the PLRA, which, among other things, places a cap on attorney fees in prisoner civil rights litigation. Under the PLRA, attorney fees in such cases may not be "greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). Section 3006A, also known as the Criminal Justice Act (CJA), establishes the maximum allowable fees for court-appointed counsel representing indigent defendants in federal criminal cases and authorizes the Judicial Conference of the United States to increase these fees by taking into account such factors as inflation and prevailing hourly rates. 18 U.S.C. § 3006A(d)(1) (West Supp. 2004).

In September 2000, the Judicial Conference's Committee on Defender Services proposed to increase the hourly rate for court-appointed counsel from $75 to $113 for fiscal year 2002. The Judicial Conference approved the committee's recommendation and submitted a budget request to Congress based on the new rate. However, due to budget constraints, the hourly rate of $113 was never implemented. Based on available funds, the hourly rate actually paid to appointed counsel was $75 for work performed up to May 1, 2002, and $90, thereafter.

The plaintiffs filed a motion for attorney fees and costs incurred from January 1 to June 30, 2002. The plaintiffs' attorneys calculated their fees at a rate of $169.50 per hour, or 150 percent of $113, which was the rate authorized by the Judicial Conference and requested of Congress in the Conference's 2002 budget proposal. The defendants opposed the motion, arguing that the rate should be based not on the amount authorized by the Judicial Conference, but on the lower amount actually being paid to court-appointed counsel at the time. Specifically, the defendants claimed that the maximum allowable fee for work performed prior to May 1, 2002, was $112.50, or 150 percent of $75, and for work performed after May 1, 2002, the maximum allowable fee was $135, or 150 percent of $90.

The district court ruled in favor of the defendants, calculating the plaintiffs' attorney fees at a rate of $112.50 per hour for work performed prior to May 1, 2002, and $135 per hour for work performed thereafter. The plaintiffs appealed.

## II.

We review a district court's interpretation of a statute *de novo*. *Riley v. Kurtz*, 361 F.3d 906, 910-11 (6th Cir.), *cert. denied*, No. 04-5303, 2004 WL 2166341 (U.S. Oct. 4, 2004).

## III.

The plaintiffs argue that attorney fees under the PLRA should be calculated using the hourly rate *authorized by the Judicial Conference* for court-appointed counsel under § 3006A rather than on the amount *actually appropriated by Congress*. The plaintiffs argue that the plain language of § 3006A gives the Judicial Conference sole authority to set the hourly rate without any ratification by Congress. Thus, according to the plaintiffs, the amount actually budgeted by Congress to pay court-appointed counsel is irrelevant to a determination of the hourly rate authorized by the Judicial Conference under § 3006A. The plaintiffs also argue that their interpretation of the PLRA is consistent with Congress's intent. By tying the PLRA rates to the reasonable market rate as determined by the Judicial Conference, say the plaintiffs, the fee provisions of the PLRA serve the dual purpose of discouraging frivolous litigation while ensuring that meritorious claims are litigated. Accordingly, the plaintiffs claim that they should be compensated at an hourly rate of $169.50, or 150 percent of the maximum hourly rate authorized under § 3006A.

The defendants maintain that attorney fees under the PLRA should be calculated using the hourly rate as it has been "implemented," that is, the rate supported by congressional appropriations to the federal courts and actually paid to court-appointed counsel. The defendants concede that the Judicial Conference has the authority to establish the hourly rate of compensation for court-appointed counsel under § 3006A, but they claim that the federal courts do not consider such rates to be approved until Congress provides adequate funding for those rates. The defendants claim that the plain language of the PLRA supports their position. Specifically, they point to § 1997e(d), which states that attorney fees under the PLRA shall not be "greater than 150 percent of the hourly rate *established* under section 3006A of Title 18 *for payment* of court-appointed counsel." 42 U.S.C. § 1997e(d)(3) (emphasis added). According to the defendants, the phrase "established . . . for payment" should be interpreted to mean the rate actually paid to court-appointed counsel, rather than the rate authorized by the Judicial Conference. Finally, the defendants claim that it would be unfair to force them to pay attorney fees for PLRA litigation at a higher rate than is actually paid to court-appointed counsel under the CJA.

This case presents a question of statutory interpretation, the first canon of which is that we begin with the language of the statute itself. *Walker v. Bain*, 257 F.3d 660, 666 (6th Cir. 2001). If we can discern an unambiguous and plain meaning from the language of the statute, we must enforce it according to its terms. *Id.* at 667.

The PLRA places the following cap on attorney fees:

> No award of attorney's fees in [prisoner civil rights litigation] shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

42 U.S.C. § 1997e(d)(3). Section 3006A provides for court-appointed counsel in certain cases and authorizes the Judicial Conference to establish rates of compensation for such counsel:

> **Hourly rate.**—Any attorney appointed pursuant to this section or a bar association or legal aid agency or community defender organization which has provided the appointed attorney shall, at the conclusion of the representation or any segment thereof, be compensated at a rate not exceeding $60 per hour for time expended in court or before a United States magistrate judge and $40 per hour for

time reasonably expended out of court, unless the Judicial Conference determines that a higher rate of not in excess of $75 per hour is justified for a circuit or for particular districts within a circuit, for time expended in court or before a United States magistrate judge and for time expended out of court. The Judicial Conference shall develop guidelines for determining the maximum hourly rates for each circuit in accordance with the preceding sentence, with variations by district, where appropriate, taking into account such factors as the minimum range of the prevailing hourly rates for qualified attorneys in the district in which the representation is provided and the recommendations of the judicial councils of the circuits. Not less than 3 years after the effective date of the Criminal Justice Act Revision of 1986, the Judicial Conference is authorized to raise the maximum hourly rates specified in this paragraph up to the aggregate of the overall average percentages of the adjustments in the rates of pay under the General Schedule made pursuant to section 5305 of title 5 on or after such effective date. After the rates are raised under the preceding sentence, such maximum hourly rates may be raised at intervals of not less than 1 year each, up to the aggregate of the overall average percentages of such adjustments made since the last raise was made under this paragraph.

18 U.S.C. § 3006A(d)(1) (West Supp. 2004).

We find no ambiguity in these provisions and hold that attorney fees under the PLRA should be based on the hourly rate for court-appointed counsel that is authorized by the Judicial Conference, rather than on the rate that is actually paid to such counsel. The language of § 1997e(d) states that the hourly rate for attorney fees in prisoner civil rights litigation shall not be "greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). The defendants urge the court to interpret the phrase "hourly rate established . . . for payment" to mean an hourly rate that is funded by Congress and that is actually paid to court-appointed counsel. However, the defendants' interpretation of § 1997e(d) is at odds with the plain meaning of both § 1997e(d) and the statute it cross-references, § 3006A.

Section 3006A authorizes the Judicial Conference to establish reasonable rates of compensation for court-appointed counsel limited only by prevailing hourly rates, the recommendations of the judicial councils of the circuits, and adjustments tied to the General Schedule. 18 U.S.C. § 3006A(d)(1) (West Supp. 2004). The statute contains no reference to congressional appropriations or to rates of compensation that are actually paid to court-appointed counsel. While congressional appropriations may place a practical limitation on the amount actually paid to court-appointed counsel, there is no language in § 3006A that expressly limits the Judicial Conference's discretion to set rates based on budgetary constraints. If Congress had wanted attorney fees under the PLRA to be based on the amount of money budgeted for payment of court-appointed counsel, it could easily have used such language rather than cross-referencing § 3006A.

Moreover, in the absence of express statutory language, there is no inherent reason why attorney fees under the PLRA should be limited by the amount budgeted to pay court-appointed counsel under the CJA. Attorney fee awards in prisoner civil rights litigation are paid from the pockets of unsuccessful defendants whether they be private individuals or government entities; such fees are not paid from funds set aside by Congress to compensate court-appointed counsel under the CJA. There is no logical reason to limit fee awards in such cases to the amount of money set aside to fund the CJA.

Even if the language of § 1997e(d) and § 3006A could be considered ambiguous, there is nothing in the record to indicate that Congress intended to base the rate for PLRA attorney fees on the actual amount budgeted for court-appointed counsel. In their discussion of the legislative record,

the defendants correctly state that Congress was concerned about the high cost of prisoner civil rights litigation. However, the record does not reveal whether anyone proposed to control such costs by basing PLRA attorney fees on congressional appropriations for implementing the CJA. As stated above, the language of the statute indicates that Congress intended the PLRA rate to be determined by the Judicial Conference.

## IV.

For the foregoing reasons, we conclude that the maximum allowable attorney fees under the PLRA should be based on the amount authorized by the Judicial Conference, not the amount actually paid to court-appointed counsel under the CJA. Accordingly, the maximum allowable hourly rate for attorney fees under the PLRA is $169.50, or 150% of $113. The judgment of the district court is **REVERSED** and the case **REMANDED** so that the district court may award attorney fees to the plaintiffs based on an hourly rate no greater than $169.50.