Nathaniel **ROBERTS**, et
al., Plaintiff(s),

v.

**COUNTY OF MAHONING, OHIO,**
et al., Defendant(s).

No. 4:03 CV 2329.

United States District Court,
N.D. Ohio,
Eastern Division.

March 28, 2005.

Robert P. Armbruster, Armbruster, Kelley, Kot, Honeck & Baker, Thomas Kelley, Armbruster & Kelley, Akron, OH, for Plaintiffs.

Sharon K. Hackett, Linette M. Stratford, Paul J. Gains, Youngstown, OH, Daniel T. Downey, Isaac, Brant, Ledman & Teetor, Columbus, OH, Thomas Kelley, Armbruster & Kelley, Akron, OH, Thomas N. Michaels, Cleveland, OH, for Defendants.

v.

**COUNTY OF MAHONING, OHIO,**
et al., Defendant(s).

No. 4:03 CV 2329.

United States District Court,
N.D. Ohio,
Eastern Division.

April 6, 2005.

Robert P. Armbruster, Armbruster, Kelley, Kot, Honeck & Baker, Akron, OH, for Plaintiffs.

Thomas Kelley, Armbruster & Kelley, Akron, OH, for Plaintiffs/Defendants.

Sharon K. Hackett, Linette M. Stratford, Paul J. Gains, Office of the Prosecuting Attorney, Youngstown, OH, Thomas N. Michaels, Cleveland, OH, for Defendants.

*ORDER RE: COMPENSATION
FOR SPECIAL MASTER*

DOWD, District Judge.

On March 28, 2005, the Court appointed Vincent M. Nathan as Special Master under 18 U.S.C. § 3626(f)(1)(B) to assist the Court with the remedial phase of this litigation. See Doc. No. 108, 2005 WL 5569488, 495 F.Supp.2d 693. Compensation for the Special Master is governed by § 3626(f)(4),[1] which provides:

> The compensation to be allowed to a special master under this section shall be based on an hourly rate not greater than the hourly rate established under section 3006A for payment of court-appointed counsel, plus costs reasonably incurred by the special master. Such compensation and costs shall be paid with funds appropriated to the Judiciary.

The current hourly rate approved by the Judicial Conference under § 3006A is $125.00.

Accordingly, the Court determines that Mr. Nathan's hourly rate shall not exceed $125.00, plus costs reasonably incurred. Mr. Nathan shall be required to submit a monthly bill on or near the first day of every month during his appointment as Special Master, beginning with May 2005. Each monthly bill will then be reviewed and approved by the Court prior to payment.

Since the funds for payment of the Special Master come from the Administrative Office of the United States Courts, in order that the AO might be able to obligate an appropriate amount, Mr. Nathan is asked to submit to the Court by April 8, 2005, his reasonable estimate as to anticipated hours and costs for the next six months.[2]

Mr. Nathan has already filed a motion seeking leave to employ a graduate assistant at a rate of $25/hour. (Doc. No. 110). That request is granted. The amounts paid to the graduate assistant shall be part of the "costs" permitted, with the understanding that all such costs will be subject to monthly review and approval by the Court.

IT IS SO ORDERED.

---

1. In another order (*see* Doc. No. 112), the Court suggested that the compensation might also be subject to the interpretation of *Hadix v. Johnson,* 398 F.3d 863 (6th Cir.2005). However, more careful consideration has convinced the Court that *Hadix* does not apply.

2. Section 3626(f)(5) requires that this Court review the appointment every six months.